UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY CAROLYN WOOD,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CITY OF SANTA ANA, et al.,<br>　　　　　　　Defendants. | Case No. 8:18-00643 SVW (ADS)<br><br>**ORDER DISMISSING DEFENDANTS FOR PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS** |

I.　**INTRODUCTION**

　　Pro se Plaintiff Nancy Carolyn Wood ("Plaintiff") sues approximately 30 defendants for alleged violations of her civil rights under 42 U.S.C. § 1983. [Dkt. No. 25]. Plaintiff has failed to prosecute this case against 13 defendants: (1) Officer Gutierrez, (2) Officer Michaels, (3) Officer Buobo, (4) Landhousing Security, (5) Hector Jiminez, (6) German Lopez, (7) Damian Marin Corona, (8) Patrol Ronald, (9) Vianey Gonzalez, (10) Vinh Bui, (11), Mom Supermarket, (12) Westland Real Estate Group, and

(13) Manny Bucket. Accordingly, the Court dismisses Plaintiff's case against these Defendants.

## II.     RELEVANT PROCEDURAL BACKGROUND

After the statutorily required screening, on November 5, 2019, the Court ordered Plaintiff to serve all defendants with the summons and the Third Amended Complaint and to file proofs of service by no later than February 3, 2020. [Dkt. No. 26]. After failing to serve any of the defendants, Plaintiff requested and was granted service by the United States Marshal Service. [Dkt. No. 35]. The Order Granting Service by United States Marshal Service required that all defendants be served by May 4, 2020. [Id.].

Almost a full year later, a review of the docket in this case reflects that, to date, the Court had not received responsive pleadings from defendants Chief David Valentin, Corporal Bryan Atkinson, Officer Gutierrez, Officer Michaels, Officer Antonio Corillo, Officer Buobo, Officer A. Cardenal, Officer N. Menendez, Landhousing Security, Hector Jimenez, German Lopez, Damian Marin Corona, Patrol Ronald, Vianey Gonzalez, Vinh Bui, Mom Supermarket, Westland Real Estate Group, and Manny Bucket. The docket also reflects that Plaintiff has not taken further action to continue to prosecute this case against these defendants.

As such, the Court issued an Order to Show Cause Why Case Should Not be Dismissed for Failure to Prosecute ("OSC") on April 16, 2021, which required a response by April 30, 2021. [Dkt. No. 152]. After that deadline, on May 6, 2021, the Court received Plaintiff's response. [Dkt. No. 156]. In the response, Plaintiff requested a 30-day extension of time to "prepare and file the required default filings." [Id. at p. 3]. Plaintiff dated the response and request for extension of time as April 30, 2021, but the postmark reflected this response was not mailed until May 3, 2021, after the deadline to

show cause had passed. [Id. at p. 9]. Not only did Plaintiff fail to comply with the Court's orders to file a timely response by April 30, 2021, but Plaintiff failed to show good cause why an extension of time should be granted. Plaintiff provided no evidence of diligence in prosecuting this case against the identified defendants and provided no good faith basis to grant a further extension of time. [Id.]. Plaintiff also failed to show good cause why the case should not be dismissed against the identified defendants for her failure to prosecute. As a result, the Court denied Plaintiff's request for extension of time. [Dkt. No. 158].

After the Court issued the OSC, certain of these defendants filed appearances in the case, specifically Chief Valentin, Bryan Atkinson, Antonio Carrillo, Anthony Cardenal, and Nelson Menendez, who joined the successful Motion to Dismiss filed by the City of Santa Ana [Dkt. No. 93]. See [Dkt. Nos. 153, 159]. To date, however, the Court still has not received responsive pleadings from defendants Officer Gutierrez, Officer Michaels, Officer Buobo, Landhousing Security, Hector Jimenez, German Lopez, Damian Marin Corona, Patrol Ronald, Vianey Gonzalez, Vinh Bui, Mom Supermarket, Westland Real Estate Group, and Manny Bucket.[1] Further, Plaintiff had not timely filed a motion for entry of default judgment against these defendants.

---

[1] Plaintiff moved for reconsideration of the Court's request for extension of time to seek entry of default judgment against numerous defendants. [Dkt. No. 164]. Plaintiff simultaneously moved for entry of default and default judgment. [Dkt. No. 165]. Magistrate Judge Autumn D. Spaeth denied Plaintiff's motion for reconsideration and denied Plaintiff's motion for entry of default and default judgement. [Dkt. No. 167]. This Court has reviewed Judge Spaeth's decision, [Dkt. No 167], and agrees with those findings and decision.

## III. DISCUSSION

Dismissal of all claims against these defendants is warranted due to Plaintiff's failure to prosecute the case against them and comply with court orders. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions under Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") for failure to prosecute and failure to comply with a court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002). The Court weighs five factors to determine whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Pagtalunan, 291 F.3d at 642.

Here, the first, second, third, and fifth factors weigh in favor of dismissal. First, Plaintiff has continually failed to comply with the Court's orders regarding service of process for over a year and has failed to diligently prosecute the case against the above identified defendants. This failure to prosecute the case has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Second, Plaintiff has failed to rebut the presumption that defendants have been prejudiced by this unreasonable delay. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law presumes injury from unreasonable delay.") (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)). Third, there is no less drastic sanction

4

available as the Court has warned Plaintiff multiple times that these defendants would be dismissed.  Accordingly, the Court has taken meaningful steps to explore alternatives to dismissal.  See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

Finally, although the fourth factor always weighs against dismissal, here, Plaintiffs claims have been dismissed without leave to amend against all other defendants pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Moreover, Plaintiff's egregious failure to discharge her responsibility to move the case towards a disposition against these defendants outweighs the public policy favoring disposition on the merits.  Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics.").  Having weighed these factors, the Court finds that dismissal of defendants Officer Gutierrez, Officer Michaels, Officer Buobo, Landhousing Security, Hector Jimenez, German Lopez, Damian Marin Corona, Patrol Ronald, Vianey Gonzalez, Vinh Bui, Mom Supermarket, Westland Real Estate Group, and Manny Bucket is warranted under Rule 41(b).

//

//

//

## IV. CONCLUSION

Accordingly, all claims against the above defendants are dismissed for failure to prosecute and failure to comply with court orders under Rule 41(b).

**IT IS SO ORDERED**.

Dated: August 17, 2021

_____
THE HONORABLE STEPHEN V. WILSON
United States District Judge

Presented by:

   /s/ Autumn D. Spaeth
_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge